REEVES (LE ROY v.). See Case No. 8,272.

## Case No. 11,662.

### REEVES v. PYE.

[1 Cranch, C. C. 219.][1]

Circuit Court, District of Columbia. Jan. 26, 1805.

STATUTE OF FRAUDS—SALE OF LAND.

Acts done by the vendor alone, will not take a verbal sale of land out of the statute of frauds.

The case in evidence was this: The Rev. Francis Neale, as the agent, and at the request of the defendant [Eleanor Pye], wrote a letter to the plaintiff [Thomas Courtney Reeves], residing in Charles county, (Mary-

[1] [Reported by Hon. William Cranch, Chief Judge.]

land,) to know the terms on which he would sell a certain house and lot in Georgetown; and, afterwards, at her request, made a verbal agreement with him for the purchase, which was not reduced to writing. Mr. Neale requested the plaintiff's agent to have a deed drawn up, to be executed by the plaintiff to Mrs. Pye, which was done and tendered to her, but she refused to accept it. The deed was defective in not having an habendum and a warranty of title, and was not so acknowledged as to pass real estate in Georgetown. The plaintiff also offered to deliver to her the possession, which she also refused; whereupon he brought this action at law for the price agreed upon.

J. F. Mason, for plaintiff.
P. B. Key, for defendant.

CRANCH, Circuit Judge, delivered the opinion of the court, as follows (KILTY, Circuit Judge, having been absent at the last term, when the cause was argued):

The questions made upon this state of the case are, 1, whether a note in writing has been signed by Mrs. Pye or by any person authorized by her to sign; 2, whether, if there has been no note in writing, there has been such a part performance of the contract as to take it out of the statute; 3, whether this statement of the case is such an admission or confession of the parol agreement, without any allegation of fraud, as to take the case out of the statute.

The 1st question seems to be excluded by the admission that "the contract was altogether verbal, of which no note in writing was made." At least, it is an admission that there was no note in writing before the writing of the deed at the request of the plaintiff, and the insertion of the defendant's name as bargainee, at her request. The deed being written by the plaintiff's agent, and executed by the plaintiff, is certainly a sufficient note in writing, to bind him; but unless it was signed by the defendant it cannot bind her. Hatton v. Gray (36 Car. II.) 2 Ch. Cas. 164; 1 Fonbl. Bankr. Cas. 165, note (c.); Hawkins v. Holmes, 1 P. Wms. 770; and Stokes v. Moore [1 Cox, Ch. 219] in Cox's note to 1 P. Wms. 770. These cases also show that the insertion of the defendant's name, at her request, is not equivalent to signing by her. It is clear then, that there was no note in writing, signed by the defendant, or by her authority.

2. Has there been such a part performance as will take the case out of the statute? The acts alleged to be in part performance, are all the plaintiff's acts, and consist of the execution and tender of a deed (which is informal, for the want of the habendum and of a warranty to the bargainee, and can pass no estate for want of a proper acknowledgment,) and an offer to deliver possession of the property. Both the deed and the possession were refused by the defendant. The case of Haw-

kins v. Holmes, 1 P. Wms. 770, is decisive that these acts are not such a part performance as will take the parol agreement out of the statute. The words of the lord chancellor are remarkable. "Unless in some particular cases, where there has been an execution of the contract by entering upon and improving the premises, the party's signing the agreement is absolutely necessary for the completing of it; and to put a different construction upon the act would be to repeal it. As to what has been insisted on in relation to the plaintiff, the vendor's executing and registering the deeds, this indeed looks artful on the plaintiff's side, but is all of it immaterial, with respect to the defendant, to whom the other could not convey or vest an estate in him against his will. It is true, the plaintiff's having registered the conveyance, may put a difficulty on him how to get back the estate; but it being his own doing, and with a design to fasten the estate on the defendant, he must thank himself for it."

3. Is this statement of the case such an admission of the parol agreement as to take it out of the statute? Perhaps the question intended to be submitted to the court would have more properly come before them upon a demurrer to the evidence. If it is to be so considered, this last point cannot arise. What is the admission? It is only an admission of the evidence given on the trial, and therefore ought to be considered as a demurrer. And the question is whether, upon that evidence, the plaintiff has a right to recover. I am clearly of opinion that he has not. 1. Because there is no note in writing signed by the defendant or by her authority. 2. Because there is no evidence of any act of part performance by the defendant, or of her acceptance of any act of part performance by the plaintiff. 3. Because the case stated is only an admission of the evidence.